IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMY MICHAEL CLINGMAN,

    Plaintiff,

v.

CLACKAMAS COUNTY, CLACKAMAS
COUNTY PAROLE AND PROBATION
OFFICE, JOHN DOES 1–10,

    Defendants.

Case No. 3:25-cv-750-JR

OPINION AND ORDER

**BAGGIO, District Judge:**

This matter comes before the Court on a Motion for a Preliminary Injunction ("Mot.", ECF 3). For the reasons discussed below, the motion is DENIED.

## DISCUSSION

Plaintiff Jeremy Michael Clingman seeks to enjoin Defendants and their employees and agents from continuing to enforce certain probation supervision conditions, which he alleges are unconstitutional and violate the Americans with Disabilities Act. Complaint ("Compl.", ECF 2), ¶ 7, Mot., 1–2, *see generally,* Memorandum of Law in Support of Motion for Preliminary Injunction (ECF 5).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*,

1 – OPINION AND ORDER

555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Under Ninth Circuit precedent, courts may apply an alternative "serious questions" test and issue a preliminary injunction where a plaintiff raises "serious questions going to the merits" and "the balance of hardships tips sharply in plaintiff's favor", assuming the other two *Winter* factors are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

Having reviewed Plaintiff's motion and supporting memorandum, the Court finds that Plaintiff has not met the standard for the extraordinary remedy of preliminary injunctive relief. Specifically, Plaintiff has not shown that irreparable harm is likely because he appears to seek to enjoin—or at least restrict—conditions that Defendants have already enforced. *See Winter*, 555 U.S. at 23; *see also* Compl., ¶ 7 ("Plaintiff is entitled to injunctive relief to halt the enforcement of these unconstitutional and discriminatory conditions"). Additionally, Plaintiff has not raised serious questions on the merits of his claims that his conditions of probation violate the constitution or federal statutes. *See Cottrell*, 632 F.3d at 1134.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (ECF 3) is DENIED.

IT IS SO ORDERED.

DATED this __2nd__ day of June 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

2 – OPINION AND ORDER