IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMY MICHAEL CLINGMAN,
CHRISTINA CORBETT, EMILY
CORBETT, OLIVER CORBETT, M.C.,

        Plaintiffs,

        v.

CLACKAMAS COUNTY, JOHN/JANE
DOES 1–20, *each in their individual and
official capacities*, PROBATION OFFICER TYREE
WILSON, PROBATION OFFICER GREG
MYERS, LIEUTENANT CHRIS HOOVER,
WASHINGTON COUNTY, CITY OF
LAKE OSWEGO, SHERIFF ANGELA
BRANDENBURG, DETECTIVE MARK
PAVOLNY, OFFICER NICOLE PALMERI,
OFFICER LUCAS SPENCER,

        Defendants.

Case No. 3:25-cv-750-JR

OPINION AND ORDER

**BAGGIO, District Judge:**

This matter comes before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Mot. TRO" or "Motion", ECF 26).[1] For the reasons discussed below, Court denies Plaintiffs' Motion.[2]

---

[1] Plaintiffs incorrectly filed a proposed order granting injunctive relief as a motion. *See* [Proposed] Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (ECF 24). The Clerk of the Court has corrected the docket to reflect that this filing is not a motion.

[2] Plaintiffs appear to request a hearing on their motion. Mot. TRO, 1–2. Because the Court finds that a hearing would not aid in its resolution of the motion, it denies the request.

1 – OPINION AND ORDER

## DISCUSSION

Plaintiffs' Motion, which they filed only four days after their last emergency motion seeking injunctive relief, seeks "immediate relief to halt ongoing constitutional violations that threaten Plaintiff's [sic] liberty, health, and right to appeal." Mot. TRO, 2; *see* August 8, 2025, Emergency Motion for Injunctive Relief, Retaliatory Probation Actions and Protect Plaintiffs' Family (ECF 21). Plaintiffs seek to "enjoin Defendants" from: (1) executing a "retaliatory arrest warrant," (2) continuing to alter Plaintiff Jeremy Michael Clingman's ("Clingman") probation conditions, and (3) "concealing violation reports essential to [Clingman's] defense." Mot. TRO, 2–3.

Plaintiffs seek both a temporary restraining order ("TRO") and a preliminary injunction.[3] A TRO and a preliminary injunction serve different purposes. A TRO preserves the status quo for a short period of time until the court has a chance to resolve the merits of a motion for a preliminary injunction while a preliminary injunction can last until the end of the litigation. *See Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1156 n.1 (D. Or. 2018). Despite this difference, the analysis for granting the remedies is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Both remedies are "extraordinary and drastic," *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citation omitted), and "may only be awarded upon a clear showing that the plaintiff is entitled to such relief," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking [injunctive relief] must establish

---

[3] It is not clear if Plaintiffs seek both forms of relief. Their motion is captioned "Motion for Temporary Restraining Order and Preliminary Injunction" but in the body of the motion, Plaintiffs seem to state that they will seek a preliminary injunction after a notice and hearing. *See* Mot. TRO, 1–2 ("[T]his motion is filed concurrently with a request for a Temporary Restraining Order (TRO) and seeks a Preliminary Injunction after notice and hearing."). In an abundance of caution, the Court proceeds as if Plaintiffs seek both a TRO and a preliminary injunction in their motion.

that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Under Ninth Circuit precedent, courts may apply an alternative "serious questions" test and issue injunctive relief where a plaintiff raises "serious questions going to the merits" and "the balance of hardships tips sharply in plaintiff's favor," assuming the other two *Winter* factors are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

The Court has reviewed Plaintiffs' Motion and the supporting exhibit (Exhibit A: Evidence of Retaliation, Access-to-Courts Obstruction, and Due Process Violations, ("Ex. A", ECF 26-2)) and declaration (Declaration of Jeremy Michael Clingman ("Clingman Decl.", ECF 26-3)). After careful consideration, the Court finds that Plaintiffs have not met the standard for the extraordinary remedy of either a TRO or a preliminary injunction because Plaintiffs cannot show the likelihood of irreparable harm. *See Winter*, 555 U.S. at 23. Plaintiffs seek to enjoin actions that Defendants appear to have already taken, meaning that the harm, if any, is a reality and can no longer be stopped. *See* Clingman Decl., 3 (stating that Defendants have stopped suspending "certain burdensome [probation] conditions" that Defendants agreed to suspend in February 2025, "concealed violation reports," and "issued a warrant"); Ex. A, 2 (listing a timeline of events that have already occurred). Even if Defendants had not already acted, Plaintiffs' conclusory statements that Defendants' conduct violated their constitutional rights are not enough to establish that they are likely to succeed on the merits of their claims. *See Winter*, 555 U.S. at 20; *Salazar v. Moynihan*, No. 2:11-CV-03276-GEB-KJN, 2011 WL 6179262, at *2 (E.D. Cal. Dec. 12, 2011) ("Plaintiff's conclusory averments and allegations fail to state cognizable claims since the TRO motion and the Complaint are devoid of facts supporting the claims."); Mot. TRO, 2–3 (concluding

3 – OPINION AND ORDER

that Defendants' conduct constitutes constitutional violations); *see also* Second Amended Complaint (ECF 18), 6–8 (listing conclusory allegations against Defendants).

## CONCLUSION

Plaintiff's Motion (ECF 26) is DENIED.

IT IS SO ORDERED.

DATED this 14th day of August 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge