IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMY MICHAEL CLINGMAN,                                  Case No. 3:25-cv-00750-JR

       Plaintiff,                                                                          ORDER

   v.

CLACKAMAS COUNTY, et al.,

       Defendants.

_____

RUSSO, Magistrate Judge:

      Pro se plaintiff Jeremy Clingman, proceeding *in forma pauperis*, brings this action under

42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the

Rehabilitation Act ("Section 504"). For the reasons stated herein, plaintiff's Third Amended

Complaint ("TAC") fails to state a claim upon which relief may be granted.

## BACKGROUND

On May 2, 2025, plaintiff filed his original complaint, alleging that defendants Clackamas County, Clackamas County Parole and Probation Office, and John Does 1-10 "imposed retaliatory and discriminatory probation conditions, including: the addition of an unnecessary polygraph requirement, hostile and excessive check-ins, and the denial of basic disability accommodations." Compl. ¶ 5 (doc. 2). At that time, plaintiff had filed six other lawsuits in this District challenging his state court conviction, all of which were dismissed no later than June 10, 2025.

On June 26, 2025, plaintiff filed his eighth lawsuit in this District under 42 U.S.C. § 1983, the ADA, and Section 504 alleging that defendants – i.e., Washington County, Clackamas County, Washington County Judge Brandon Thompson, Washington County Detective Mark Pavolny, and the Washington County District Attorney's Office – violated his rights by "[f]abricat[ing] criminal charges based on entrapment and omission of exculpatory evidence," enforcing retaliatory probation conditions "following protected filings and legal complaints," "[r]eleas[ing] [his] pretrial mugshot doctored with employment insignia," "[e]nforc[ing] . . . probation conditions without evidentiary justification," and "[w]illful[ly] refus[ing] to accommodate" his disabilities. Compl. ¶¶ 11, 18, 31, 23-48 (doc. 1, Case No. 3:25-cv-01101-AB).

On July 18, 2025, the Court issued an Order to Show Cause surrounding plaintiff's failure to prosecute his claims in this case. On July 21, 2025, plaintiff timely responded to that Order and also lodged his First Amended Complaint. The First Amended Complaint named additional defendants (Tyree Wilson, Greg Myers, and Chris Hoover, all of whom are "probation officers employed by Clackamas County), and asserted claims surrounding plaintiff's allegedly wrongful conviction. First Am. Compl. pg. 2 (doc. 17).

On July 31, 2025, District Judge Baggio dismissed plaintiff's eighth lawsuit with prejudice.

On August 1, 2025, plaintiff lodged his Second Amended Complaint ("SAC") in this case, along with a number of other ancillary motions. On August 18, 2025, the Court denied those motions and dismissed the SAC pursuant to 28 U.S.C. § 1915(e) as follows:

> plaintiff has filed seven other similar lawsuits in this District. He has been told no fewer than four times that he cannot pursue claims in this Court under 42 U.S.C. § 1983 emanating from his state court conviction until it has been invalidated or the criminal proceeding otherwise terminates in his favor – an event which has yet to occur.
>
> Further, Judge Baggio recently reiterated that: (1) federal courts lack jurisdiction to review and enjoin Judge Thompson's decision to impose certain probation conditions following Clingman's state court conviction, even if those conditions violate the ADA; and (2) his claims against Detective Pavolny that mirror claims that have already been dismissed are barred by res judicata. Accordingly, the SAC's claims, which are premised on virtually identical facts and legal theories, fail for the same reasons (as do analogous claims asserted in any prior iteration of the complaint).
>
> Plaintiff's continued pursuit of these claims wastes judicial resources and belies any objective good-faith expectation of prevailing in this suit. As such, the Court will consider the issuance of a pre-filing order should plaintiff reallege these claims through future amendments (or subsequent lawsuits).

Order 4-5 (doc. 32) (internal citations, quotations, and brackets omitted).

Plaintiff filed the TAC on September 22, 2025. On October 8, 2025, he lodged a number of documents that purported to support his amended claims.

Under 28 U.S.C. § 1915(e), the district court must dismiss an *in forma pauperis* complaint, either sua sponte or pursuant to a motion made by the opposing party if it "is frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). To avoid dismissal under 28 U.S.C. § 1915(e), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the plaintiff need not detail all factual allegations, the complaint must nonetheless provide "more

than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pro se plaintiffs do not have the benefit of legal counsel, therefore their pleadings are "held to less stringent standards" than pleadings drafted by lawyers. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011). Even construing plaintiff's pleadings in the most favorable and liberal light, the TAC is dismissed for three reasons.

First, plaintiff has already filed seven unsuccessful lawsuits in this District that, amongst other things, attacked his state court conviction and aspects of the underlying judicial proceedings, including the evidence relied on, the conduct of the investigating officer and the state court judges, and the resulting judgment/terms of probation. *Clingman v. State of Or.*, Case No. 3:23-cv-01414-HZ; *Clingman v. Washington Cnty. Sheriff's Dep't*, Case No. 3:24-cv-00446-HZ; *Clingman v. Pavolny*, Case No. 3:24-cv-01925-MTK; *Clingman v. Washington Cnty. Sheriff's Office*, Case No. 3:24-cv-01929-MTK; *Clingman v. Washington Cnty.*, Case No. 3:25-cv-00653-SB; *Clingman v. State of Or.*, Case No. 3:25-cv-00674-SB; *Clingman v. Washington Cnty.*, Case No. 3:25-cv-01101-AB. In dismissing the SAC, the Court expressly warned plaintiff "that any claims that have been previously pursued and dismissed, or are premised on plaintiff's state court conviction and/or the judgement related thereto, including probation terms, are non-viable and therefore should not be realleged." Order 7 (doc. 32).

While plaintiff now claims he is "not [requesting] relief that would invalidate any conviction, sentence, probation order, or state-court judgment," his actual pleadings and other filings plainly demonstrate he is continuing to pursue claims premised on the same, foreclosed facts and legal theories. *Compare* TAC ¶ 1, *with id.* at ¶¶ 2, 7-16; *see generally* Pl.'s Concise Stmt.

(doc. 42); Appx. (doc. 43). Accordingly, the TAC fails to state a plausible claim to the extent that it does not comply with the Court's prior rulings.

Second, with the exception of his most recent allegations from July and August 2025, the TAC is time-barred. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2004) (42 U.S.C. § 1983 claims are subject to a two-year statute of limitations); *Ramirez v. Parker*, 2014 WL 7187463, *11-12, 14 (D. Or. Dec. 16, 2014) (disability discrimination claims under Section 504 or the ADA are subject to a two-year statute of limitations); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) (the limitations period begins to accrue when a plaintiff has "a complete and present cause of action," which means that the "plaintiff can file suit and obtain relief"). The TAC evinces plaintiff knew of defendants' alleged misconduct at the time it occurred. As a result, the fact that plaintiff may not have realized the full extent of his injury until a later date is irrelevant. *See Stanley v. Tr. of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006) ("[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful") (quoting *Abrahamson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir. 1979)).

Finally, plaintiff's claims are conclusory and devoid of factual support. For instance, to state a claim under Title II of the ADA or Section 504, the plaintiff must allege facts establishing "he is a qualified individual with a disability" that was "excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity" due to his disability. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (citation and internal quotations omitted).

Here, the TAC offers no facts reflecting that plaintiff's lack of "access to courts" had any connection to his disability. TAC pg. 7 (doc. 36). Although the TAC does not specify the nature of plaintiff's disability, his supporting documents (and prior filings) indicate that he suffers from

post-traumatic stress disorder. However, the TAC alleges discrimination due to defendants' refusal "to provide reasonable modifications/auxiliary aids and . . . access to FTR audio and native electronic files with metadata and audit logs." *Id.* at ¶¶ 26-39; *see also id.* at ¶¶ 40, 48-62 (identifying plaintiff's "ADA/records requests and complaints about access and effective communication" as the basis of his § 1983 claims). Thus, it appears as though the crux of the TAC is defendants' failure to provide allegedly exculpatory evidence in his criminal proceedings (as opposed to any reasonable accommodation). *See, e.g.*, *id.* at ¶¶ 8-10, 12-15, 23, 49.

In any event, the connection between plaintiff's post-traumatic stress disorder and the need for unspecified auxiliary aids and digital court recordings is unclear from the TAC. It is equally unclear when and how these purported accommodations were sought, and in what context. Further, to the extent plaintiff's claims emanate from the actions of the individual officers taken at his private residence, they are not cognizable. *See Anthony v. Greystar Real Estate Partners*, 2024 WL 1298080, *2 (S.D. Cal. Mar. 26, 2024) ("[c]ourts have consistently held that private dwelling units like apartments and condominiums do not constitute public accommodations within the meaning of the" ADA and Section 504) (citation and internal quotations omitted); *Dragasits v. Archuleta*, 2024 WL 4983154, *3 (S.D. Cal. Dec. 4, 2024) (dismissing the plaintiff's claim "because only individual defendants are named [and the] ADA applies only to public entities") (citation and internal quotations omitted); *see also Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [their] individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act").

In sum, the TAC fails to state a plausible and timely claim for relief that is not barred by the Court's prior rulings. Nevertheless, because plaintiff does include limited facts that post-date

the dismissal of his eighth lawsuit and, by extension, that are not time-barred, the Court will allow him one final opportunity to seek amendment in light of his pro se status.

## CONCLUSION

Plaintiff's TAC (doc. 36) is dismissed for the reasons stated herein. Plaintiff is allowed 30 days from the date of this Order to file an amended complaint that complies with the requirements of Fed. R. Civ. P. 8(a) and the Court's rulings (including those from prior cases). Failure to timely file an amended complaint as ordered will result in the dismissal of this action with prejudice.

IT IS SO ORDERED.

DATED this 21st day of October, 2025.

_____
/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge